NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5029

MARIA GRACIELA RAMIREZ,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Maria Graciela Ramirez, of Laredo,Texas, pro se.

Brian T. Edmunds, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General, David M. Cohen, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from:  United States Court of Federal Claims

Judge Francis M. Allegra

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5029

MARIA GRACIELA RAMIREZ,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  April 4, 2007

_____

Before BRYSON, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and LINN, <u>Circuit Judge</u>.

PER CURIAM.

## DECISION

Maria Graciela Ramirez appeals from a decision of the Court of Federal Claims, No. 06–CV–704, dismissing her complaint for lack of subject matter jurisdiction.  We <u>affirm</u>.

## BACKGROUND

On October 11, 2006, Ms. Ramirez filed suit in the Court of Federal Claims as a <u>pro</u> <u>se</u> litigant, seeking unspecified damages from an unspecified defendant.  Giving a generous reading to her complaint, as is required when the litigant is <u>pro</u> <u>se</u>, we

interpret the complaint to allege that the state and federal courts have conspired to deprive her and all other women of rights under the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. She argues that, although she has been litigating various civil and criminal matters in various courts for the past 26 years, she has yet to receive a fair hearing because she has always proceeded pro se. She claims that the courts have wrongly deprived her of her property; stigmatized her by calling her a mentally incompetent criminal; wrongly convicted, imprisoned, and tortured her by confining her in a county jail; wrongfully denied her motions and dismissed her claims; and altered court transcripts sent to the appellate courts when she has appealed her cases.

She also alleges that various government officials, including the FBI and local police agencies, have covered up government-sponsored mail tampering and repeated government-sponsored attempts to intimidate and kill her for speaking out about the ongoing denial of fundamental rights to women in America. She further alleges ongoing vandalism of her property, trespass, and violations of sections 1983 and 1985 of Title 42 of the United States Code. Ms. Ramirez also appears to allege that she was entitled to a hearing in this case, presumably both as to jurisdiction and on the merits.

Acting on its own motion and without holding a hearing, the trial court dismissed the complaint for lack of subject matter jurisdiction. Ms. Ramirez appealed to this court.

DISCUSSION

The Court of Federal Claims properly held that it lacks jurisdiction to hear Ms. Ramirez's claims. The Court of Federal Claims is a court of limited jurisdiction, and, like all federal courts, is obligated to satisfy itself that it has jurisdiction to hear a case.

Nickerson v. United States, 35 Fed. Cl. 581, 588 (1996), aff'd, 113 F.3d 1255 (Fed. Cir. 1997) (citing Hambsch v. United States, 857 F.2d 763, 765 (Fed. Cir. 1988)); R. Ct. Fed. Cl. 12(h)(3). The Tucker Act defines the subject matter jurisdiction of the Court of Federal Claims.  It states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  Accordingly, the jurisdiction of the Court of Federal Claims is limited to cases in which "the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages." LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing United States v. Testan, 424 U.S. 392, 398 (1976)).  Moreover, except in specific circumstances not relevant here, the court cannot grant equitable relief such as an injunction or specific performance.  Kanemoto v. Reno, 41 F.3d 641, 644 (Fed. Cir. 1994) (citing Bowen v. Massachusetts, 487 U.S. 879, 905 (1988)).

To the extent that Ms. Ramirez alleges due process and equal protection violations, the Court of Federal Claims correctly determined that it lacks jurisdiction to consider those claims because those provisions do not mandate the payment of money damages by the government. LeBlanc, 50 F.3d at 1028.  Similarly, the Court of Federal Claims does not have jurisdiction over Ms. Ramirez's claims of civil rights violations under sections 1983 and 1985 of Title 42; the general civil rights claims alleged are not based on any money-mandating provisions, and those statutes do not give rise to liability for the United States.  See District of Columbia v. Carter, 409 U.S. 418, 424-25

(1973); <u>Davis v. United States</u>, 204 F.3d 723, 726 (7th Cir. 2000); <u>Sanders v. United States</u>, 34 Fed. Cl. 75, 80 (1995), aff'd, 104 F.3d 376 (Fed. Cir. 1996). Nor does the trial court have jurisdiction over tort claims alleging mail tampering, attempted murder, vandalism, or trespass. 28 U.S.C. § 1491(a)(1); <u>Keene Corp. v. United States</u>, 508 U.S. 200, 214 (1993).

Ms. Ramirez was also not entitled to a hearing before the trial court. Because the court assumed all the complaint's allegations were true, there were no disputed material facts pertaining to the court's jurisdiction that would have required a hearing to resolve. <u>Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.</u>, 297 F.3d 1343, 1347 (Fed. Cir. 2002). And because the trial court does not have jurisdiction over any of the claims presented, Ms. Ramirez is not entitled to a hearing on the merits.

Although the trial court's decision on jurisdiction resolves the case, the court noted that Ms. Ramirez "has raised several of the issues in her complaint before other courts, where they have been rejected by final decisions." For that reason, the court explained that even if it had jurisdiction over those claims, they would be barred by res judicata, which prohibits parties to a lawsuit from relitigating previously decided claims. <u>Federated Dep't Stores v. Moitie</u>, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). Those decisions must be challenged through the appropriate appeal process and cannot be collaterally attacked by a new action brought in the Court of Federal Claims.