NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5079

KHURRAM AFZAL,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee,

Khurram Afzal, of Fullerton, California, pro se.

Steven M. Mager, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Senior Judge Eric G. Bruggink

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5079

KHURRAM AFZAL,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-869, Senior Judge Eric G. Bruggink.

_____

DECIDED: October 7, 2009

_____

Before RADER, BRYSON, and LINN, Circuit Judges.

PER CURIAM.

Khurram Afzal ("Afzal") appeals a final decision of the United States Court of Federal Claims dismissing his action for lack of jurisdiction. Because we agree that Afzal's claims fall outside the jurisdiction of the Court of Federal Claims, we affirm.

On December 5, 2008, Afzal filed a complaint against the San Gabriel Valley Small Business Development Center ("San Gabriel Valley-SBDC") and the United States in the Court of Federal Claims, claiming $300 million in damages because the San Gabriel Valley-SBDC refused to finance his proposed computer modem business.

The complaint asserts subject matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491 (2006).

In the action before the Court of Federal Claims, Afzal served a subpoena on the United States on January 9, 2009. The subpoena requested a copy of a contract between the Small Business Administration and the San Gabriel Valley-SBDC. Afzal claims that this contract provides evidence that the San Gabriel Valley-SBDC finances small businesses. The United States moved to quash the subpoena, and the court granted the motion on January 16, 2009. Afzal served the subpoena on the United States a second time. Afzal claims that the court also quashed this subpoena, while the United States contends that the subpoena was not quashed but rather rendered unenforceable when the court dismissed Afzal's action.

On February 3, 2009, the United States moved to dismiss the suit. The United States attached a copy of the contract between the Small Business Administration and the San Gabriel Valley-SBDC to its motion to dismiss. The Court of Federal Claims granted the United States' motion on March 17, 2009. The court found that the Tucker Act did not confer subject matter jurisdiction because the only statute cited by Afzal, 15 U.S.C. § 648 (2006), did not mandate compensation.

Afzal filed a timely appeal with this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

We understand Afzal to raise three issues on appeal. First, he argues that the Court of Federal Claims misinterpreted 15 U.S.C. § 648. Second, he contends that the court improperly quashed his subpoenas. Finally, he alleges that the United States has

discriminated against him because of his national origin. We address each allegation in turn.

The Tucker Act grants the Court of Federal Claims jurisdiction over certain actions against the United States and waives the United States' sovereign immunity for those actions. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The Act applies to claims for money damages against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. It does not, however, create a substantive cause of action. Fisher, 402 F.3d at 1172. Thus, Afzal must identify a money-mandating source of law, i.e., "a separate source of substantive law that creates the right to money damages." Id.

Afzal seems to argue that 15 U.S.C. § 648 compels the San Gabriel Valley-SBDC to finance his proposed small businesses. This argument reflects a misunderstanding of § 648. The statute permits the Small Business Administration to make grants for establishing small business development centers, not small businesses:

> The Administration is authorized to make grants (including contracts and cooperative agreements) to any State government or any agency thereof, any regional entity, any State-chartered development, credit or finance corporation, any women's business center operating pursuant to section 656 of this title, any public or private institution of higher education, including but not limited to any land-grant college or university, any college or school of business, engineering, commerce, or agriculture, community college or junior college, or to any entity formed by two or more of the above entities (herein referred to as "applicants") to assist in establishing small business development centers . . . .

15 U.S.C. § 648(a)(1) (emphases added). The statute is simply inapplicable here. Afzal does not contend that his proposed business is a small business development center, and nothing in the statute allows a small business development center to fund a small business. In fact, the regulations that implement § 648 explicitly prohibit small business development centers from loaning money: "SBDCs may not make loans, service loans or make credit decisions regarding the award of loans." 13 C.F.R. § 130.340(b)(4) (2009).

Even if § 648 were applicable, we cannot conclude that it mandates compensation. The statute merely <u>authorizes</u> the Small Business Administration to fund small business development centers. Had Congress intended § 648 to compel the Small Business Administration to finance small business development centers, it might have replaced the word "authorized" with a word that clearly compelled the Small Business Administration to act, for example, "shall" or "must." But it did not. Thus, we agree with the Court of Federal Claims that 15 U.S.C. § 648 is not a money-mandating provision of law and that the Court of Federal Claims did not have jurisdiction to hear Afzal's claims under 15 U.S.C. § 648.

Afzal also contends that the Court of Federal Claims improperly quashed his subpoenas. We disagree. Rule 26 of the Rules of the United States Court of Federal Claims ("RCFC") states that, subject to exceptions inapplicable here, "[a] party may not seek discovery from any source before the parties have conferred as required by Appendix A ¶ 3." RCFC 26(d)(1) (2009). In turn, Appendix A, paragraph 3 requires the parties' counsel to confer "[s]ubsequent to the filing of defendant's answer." <u>Id.</u> Appendix A ¶ 3. No answer was filed here, thus any subpoenas filed by Afzal were

premature and therefore properly quashed by the court. Moreover, the United States provided Azfal the discovery he sought by attaching to its motion to dismiss a copy of the contract between the Small Business Administration and the San Gabriel Valley-SBDC. Therefore, we find no abuse of discretion in the Court of Federal Claims' actions in quashing Afzal's subpoenas.

Finally, Afzal argues that the United States discriminated against him based on his national origin. In response, the United States contends that Afzal waived this argument because he failed to raise it below and because the Court of Federal Claims does not have jurisdiction over discrimination claims. We need not address the issue of waiver, as we agree that the Court of Federal Claims does not have jurisdiction over such claims, see 28 U.S.C. § 1343(a) (conferring district courts with original jurisdiction over civil rights disputes); J & L Janitorial Servs., Inc. v. United States, 231 Ct. Cl. 837, 838 (Ct. Cl. 1982) (finding that racial discrimination claims must be brought in district court).

For the foregoing reasons, the Court of Federal Claims was correct in concluding that it lacked subject matter jurisdiction to entertain Afzal's claims and properly quashed Afzal's subpoenas. Accordingly, we affirm.

COSTS

No costs.