NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MORRIS MAY,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5109

---

Appeal from the United States Court of Federal Claims in No. 11-CV-774, Judge Susan G. Braden.

---

Decided: August 6, 2013

---

MORRIS MAY, of Cincinnati, Ohio, pro se.

ALEXIS J. ECHOLS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and PATRICIA M. MCCARTHY, Assistant Director.

---

Before PROST, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Morris May appeals a Court of Federal Claims order that dismissed his complaint and denied his motions to transfer, to expedite, and to issue an interim award of pro se attorney fees, as well as a subsequent order that denied reconsideration.  We affirm.

BACKGROUND

After unsuccessfully contesting a traffic ticket in Ohio traffic court, Mr. May sought direct review in the United States Supreme Court.  Between November 18, 2010, and July 25, 2011, Mr. May made five attempts to petition the Supreme Court for a writ of mandamus.  Each time, the clerk's office of the Supreme Court returned his papers with a letter explaining their deficiencies.

After the fifth rejection, Mr. May brought suit in the Claims Court against the United States and Gail Johnson, a deputy clerk at the Supreme Court, alleging that Ms. Johnson made misrepresentations and was negligent in the performance of her duties, that she "arbitrarily and intentionally discriminated" against Mr. May and committed an "abuse of process" by denying him access to the Supreme Court, and that her actions constituted an "intentional infliction of emotional distress."  Complaint, *May v. United States*, No. 11-774 (Fed. Cl. Nov. 16, 2011). Mr. May alleged that the refusal to file his petitions violated his rights under the Privileges and Immunities Clause of Article IV of the Constitution, the Petition Clause of the First Amendment, the Due Process and Takings Clauses of the Fifth Amendment, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and 42 U.S.C. §§ 1981 and 1982. *Id.*

On March 30, 2012, the Claims Court dismissed Mr. May's takings claim for failure to state a claim upon which relief can be granted, dismissed his remaining claims for lack of jurisdiction, and denied his motions to transfer, to expedite, and to issue an interim award of attorney fees. *May v. United States*, 104 Fed. Cl. 278, 287

(2012). On April 30, 2012, Mr. May moved for a "new trial," for reconsideration, to strike, to expedite, to transfer, and to issue an interim award of pro se attorney fees. On May 3, 2012, the Claims Court denied Mr. May's motion for failure to demonstrate any manifest error of law or mistake of fact in the court's March 30, 2012, order. *May v. United States*, No. 11-774 (Fed. Cl. May 3, 2012) (order).

Mr. May's appeal was docketed in this court on July 6, 2012. After Mr. May failed to file his informal brief within 21 days as required under this court's Rule 31(e)(1)(A), this court dismissed his appeal for failure to prosecute. On September 17, 2012, Mr. May responded by filing a motion to expedite, to transfer, to issue an interim award of pro se attorney fees, and to grant other miscellaneous relief. He attached his overdue informal brief, which referred to the motion for the answer to each question on the form. The court construed Mr. May's submission as a motion to reinstate his appeal and, on October 9, 2012, vacated the dismissal and treated Mr. May's September 17, 2012 submission as his opening brief. *May v. United States*, No. 2012-5109 (Fed. Cir. Oct. 9, 2012) (order). Mr. May then moved for an interim award of pro se attorney fees, arguing that he was the "prevailing party" under the court's October 9, 2012 order. The court denied Mr. May's request for attorney fees on December 12, 2012, *May v. United States*, No. 2012-5109 (Fed. Cir. Dec. 12, 2012) (order), and it denied reconsideration on April 30, 2013, *May v. United States*, No. 2012-5109 (Fed. Cir. Apr. 30, 2012) (order). After Mr. May filed a second motion for reconsideration, the clerk of the court sent Mr. May a letter, explaining that the court had already acted on his motion for reconsideration and that no action would be taken on his second motion. On July 19, 2013, Mr. May filed a motion for citation of supplemental authorities and to make orders precedential, again arguing his entitlement to pro se attorney fees based on the court's October 9, 2012 order.

DISCUSSION

A.  Dismissal of Mr. May's Complaint

We review de novo the dismissal of Mr. May's complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted. *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed. Cir. 2000).

The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Claims Court to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted). Here, the trial court properly determined that it did not have jurisdiction to hear most of Mr. May's claims.

The Privileges and Immunities Clause of Article IV of the Constitution, the Petition Clause of the First Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Protection and Due Process Clauses of the Fourteenth Amendment do not mandate the payment of money by the government for violations. *See* U.S. Const. art. IV, § 2, cl. 1 (lacking any money-mandating provision); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment alone was insufficient to confer jurisdiction because it does not "command the payment of money"); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process Clauses of the Fifth and Fourteenth Amendments and Equal Protection Clause of the Fourteenth Amendment were insufficient for jurisdiction "because they do not mandate payment of money by the government").

Mr. May likewise cannot sue in the Claims Court under 42 U.S.C. §§ 1981 or 1982. Nothing in those provisions is fairly read to impose a money-mandating obligation on the United States, or at least not one enforceable under the Tucker Act. Courts have consistently so held, often in non-precedential rulings, and we are

aware of no contrary ruling. *See, e.g., Afzal v. United States*, 350 F. App'x 436, 438 (Fed. Cir. 2009) (non-precedential decision holding that "the Court of Federal Claims does not have jurisdiction over discrimination claims"); *Brown v. United States*, No. 03-5245, 2004 WL 344411 (D.C. Cir. Feb. 20, 2004) (non-precedential order finding no sovereign-immunity waiver for a claim under 42 U.S.C. § 1981) (citing *Hohri v. United States*, 782 F.2d 227, 245 n.43 (D.C. Cir. 1986) (citing authorities), *vacated for lack of jurisdiction,* 482 U.S. 64 (1987)); *Allbritton v. United States*, No. 98-5140, 1998 WL 791719, at *2 (Fed. Cir. Nov. 12, 1998) (non-precedential decision holding that parties asserting jurisdiction under 42 U.S.C. § 1981 had "not stated any claim which mandates a payment of money damages and thus ha[d] not stated any claim over which the Court of Federal Claims has jurisdiction"); *see also Ponds v. United States*, No. 93-5108, 1994 WL 108054, at *4 (Fed. Cir. Mar. 29, 1994) (non-precedential decision: "Jurisdiction under the [Civil Rights Act] resides in the district courts, not in the Court of Federal Claims."); *Ramirez v. United States*, 239 F. App'x 581, 583 (Fed. Cir. 2007) (non-precedential decision holding that "the Court of Federal Claims does not have jurisdiction over Ms. Ramirez's claims of civil rights violations under sections 1983 and 1985 of Title 42; the general civil rights claims alleged are not based on any money-mandating provisions, and those statutes do not give rise to liability for the United States").

As for Mr. May's claims for misrepresentation, negligence, and intentional infliction of emotional distress, the trial court properly held those claims, which are not within the categories of cases listed in the Tucker Act and which sound in tort, to be outside the Tucker Act grant of jurisdiction. 28 U.S.C. § 1491(a)(1); *see U.S. Marine, Inc. v. United States*, No. 2012–1678, 2013 WL 3491424, at *11 (Fed. Cir. July 15, 2013). Mr. May's claims against Ms. Johnson in particular were properly dismissed for the additional reason that the Tucker Act is limited to suits against the United States. *See United States v. Sher-*

*wood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

As the trial court recognized, the Claims Court does have jurisdiction to hear Mr. May's takings claim. *E. Enters. v. Apfel*, 524 U.S. 498, 520 (1998); *Dames & Moore v. Regan*, 453 U.S. 654, 689-90 (1981). The problem with the takings claim is not jurisdictional but a plain lack of merit: even making all reasonable inferences in Mr. May's favor, his allegations fail to state a claim for relief. Mr. May characterizes the refusal to file his petitions in the Supreme Court as a "regulatory taking of the option of S. Ct. R. 22," and the alleged constitutional and statutory civil rights violations as a "taking" of those rights. But the Takings Clause has never been treated as so broad in its coverage, lest it become, what it has not been, a readily available vehicle for seeking compensation for a vast array of procedural-rights, constitutional, and statutory violations. Mr. May provides no support for the contention that the wrongs alleged here effected a taking of the one of more concrete property interests covered by the Clause.[1]

Thus, there is no basis for reversing the dismissal of the complaint. And because the trial court committed no error of law or mistake of fact in that dismissal, it did not abuse its discretion in denying reconsideration of the dismissal. *See Massachusetts Bay Transp. Auth. v. United States*, 254 F.3d 1367, 1378 (Fed. Cir. 2001) (reconsideration denial reviewed for abuse of discretion).

---

[1] Mr. May contends that the trial court dismissed his complaint on the ground that he lacked a right to a direct appeal to the Supreme Court from a request for a three-judge panel in state court. In fact, the trial court discussed direct-appeal jurisdiction only in denying Mr. May's motion to transfer.

### B. Motions to Transfer

We review the denial of Mr. May's motions to transfer for an abuse of discretion, a form of review that includes de novo consideration of issues of law. *Zoltek Corp. v. United States*, 672 F.3d 1309, 1314 (Fed. Cir. 2012).

Mr. May's complaint included as Count 6 a request for a writ of mandamus, pursuant to 28 U.S.C. §§ 1361 and 1651, to compel Ms. Johnson to perform her alleged duty to file Mr. May's legal papers. Three weeks after he filed his complaint, Mr. May moved to transfer Count 6 to the Supreme Court, pursuant to 28 U.S.C. § 1631, arguing that the Supreme Court has exclusive jurisdiction to compel Ms. Johnson to perform her duties. Subsequently, Mr. May moved to transfer his tort claims to the United States District Court for the District of Columbia. Mr. May makes similar demands here, asking that we either transfer his appeal to the Supreme Court or reverse the Claims Court and remand with instructions to transfer to the Supreme Court the papers he attached to his complaint as DOCUMENT "I" (which contain his petition for a writ of mandamus). He also asks for transfer of his claims under 42 U.S.C. §§ 1981 and 1982 to the district court in the District of Columbia if we hold those claims to be outside the Claims Court's jurisdiction.

The trial court did not abuse its discretion in rejecting the request to transfer Count 6 to the Supreme Court. Section 1631 authorizes a transfer only if, among other things, "it is in the interest of justice." Count 6 seeks a writ of mandamus compelling the Supreme Court clerk's office to file papers it has already repeatedly determined to be deficient. Transferring that claim to the Supreme Court is not in the interest of justice: either Mr. May could have challenged the clerk's office's determinations within the Court when they were made, in which case he bypassed his proper remedy; or the Supreme Court has, for sufficient reasons, prevented recourse to the Justices from such determinations, in which case transferring the claim would be inconsistent with the Supreme Court's

practice. Either way, transfer is not in the interest of justice. For the same reason, we must deny Mr. May's request that we remand this case to the Claims Court with instructions to transfer DOCUMENT "I" to the Supreme Court, as DOCUMENT "I" includes Mr. May's petition for a writ of mandamus directed to Ms. Johnson.

Moreover, DOCUMENT "I" contains additional requests for relief that are not within the Supreme Court's jurisdiction and therefore cannot be transferred there. 28 U.S.C. § 1631. These include a request for a writ of mandamus directed to the Ohio traffic-court magistrate, a request for a judgment against Ms. Johnson, and a corresponding award of money damages. Because the Ohio traffic-court dispute does not come within the Supreme Court's original or appellate jurisdiction, the Supreme Court does not have the authority to issue a writ of mandamus directed to the Ohio magistrate. U.S. Const. art. III, § 2, cl. 2 (granting the Supreme Court original jurisdiction only in "Cases affecting Ambassadors, other public Ministers and Consuls, and those in which a State shall be Party"); 28 U.S.C. § 1257 (limiting the Supreme Court's appellate review of state court judgments to those "rendered by the highest court of a State"); *In re Commonwealth of Massachusetts*, 197 U.S. 482, 488 (1905) ("[I]n cases over which we possess neither original nor appellate jurisdiction we cannot grant prohibition or mandamus or certiorari as ancillary thereto."). Because the Supreme Court lacks original jurisdiction over the claims against Ms. Johnson, transfer of those claims is likewise impermissible. 28 U.S.C. § 1631. Nor is there any basis to transfer this appeal to the Supreme Court, as Mr. May requests.

We find no abuse of discretion in the trial court's denial of Mr. May's motion to transfer his tort claims to the United States District Court for the District of Columbia, both because the transfer would not be in the interest of justice and because of the plain problems identified by the trial court. *See, e.g.*, *Sharma v. Stevas*, 790 F.2d 1486,

1486 (9th Cir. 1986) ("The defendant Clerk of the United States Supreme Court has absolute quasi-judicial immunity because his challenged activities were an integral part of the judicial process."); 28 U.S.C. § 2675(a) (limiting FTCA claims to those in which the claimant has "first presented the claim to the appropriate Federal agency"). Mr. May's request to transfer his claims under 42 U.S.C. §§ 1981 and 1982 to the district court in the District of Columbia (apparently raised for the first time on appeal) is denied, as the transfer of frivolous claims is not in the interest of justice. 28 U.S.C. § 1631; *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987) ("The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits."). Frivolous claims include "'legal points not arguable on their merits'" and "those whose disposition is obvious," *id.* (citations omitted), both of which fairly characterize Mr. May's section 1981 and 1982 claims; the United States Court of Appeals for the District of Columbia Circuit has twice held claims brought under section 1981 to be barred by the doctrine of sovereign immunity, as explained above, and Mr. May's claims fail to allege facts that fit the protection of section 1981 or 1982. *See* 42 U.S.C. § 1981 ("All persons . . . shall have the same right . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ."); *id.* § 1982 ("All citizens . . . shall have the same right . . . as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.").

## C. Motions for Awards of Pro Se Attorney Fees

Mr. May asks that we reverse the trial court's denial of his motion for attorney fees. Fee rulings are generally reviewed for an abuse of discretion, *Libas, Ltd. v. United States*, 314 F.3d 1362, 1364 (Fed. Cir. 2003), while whether a party prevailed is generally reviewed de novo, *A. Hirsh, Inc. v. United States*, 948 F.2d 1240, 1244 (Fed.

Cir. 1991). Mr. May also requests attorney fees for his work performed before this court.

The Claims Court properly denied Mr. May's request for an interim award of pro se attorney fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.[2] Pro se litigants are not entitled to recover attorney fees under either provision. *Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991) (pro se litigants not entitled to attorney fees under § 1988); *Phillips v. Gen. Servs. Admin.*, 924 F.2d 1577, 1583 (Fed. Cir. 1991) (under 28 U.S.C. § 2412, "a party acting pro se is not entitled to an attorney fee award"). Moreover, even if Mr. May were not precluded by his status as a pro se litigant, he would not be entitled to any award because he did not prevail on any issue. 28 U.S.C. § 2412 (permitting awards of costs and fees to "the prevailing party"); 42 U.S.C. § 1988 (same); *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) ("Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims."). Mr. May therefore is plainly not entitled to fees under the provisions invoked, and contrary to Mr. May's suggestion, we see no violation of equal protection or due process in provisions that provide attorney's fees only where an attorney has put in time for the party and only in cases that turn out to be meritorious in the sense that the attorney's client has prevailed.[3]

---

[2] Mr. May also cites 31 U.S.C. § 1304 and 28 U.S.C. § 2414, which concern damage judgments entered against the government. Because no damage judgment has been entered against the government, these provisions are inapplicable.

[3] Mr. May also submits that the right to proceed pro se is a property right and a civil right protected under the Fifth and Fourteenth Amendments. Mr. May has not been denied an opportunity to proceed pro se.

As for Mr. May's request for an interim award of attorney fees for his work related to reinstating this appeal, this court has already denied the request, and reconsideration of the denial, and informed Mr. May that further requests for reconsideration would not be entertained. Because Mr. May's July 19, 2013 motion for citation of supplemental authorities and to make orders precedential is in fact yet another request for reconsideration on this issue, that motion is denied.[4]  Moreover, nothing in today's opinion warrants any award of fees to Mr. May, both because he appears here pro se and because he has not prevailed on any claim.  In light of this decision, Mr. May's motion to "waive" Federal Circuit Rule 47.7, which sets out the timing and form of requests for attorney fees, is denied as moot.

## D.  Other Relief

Mr. May's petition for a writ of mandamus to compel the Claims Court to enter a Rule 54(b) certificate is denied.  No such certificate was necessary, as the Claims Court entered final judgment dismissing all of Mr. May's claims.  Mr. May's request for "delay damages" is likewise denied, as Mr. May has not shown that any improper delay occurred or that he incurred any damage as a result.  Mr. May's motions to expedite are denied as moot.

## CONCLUSION

For the foregoing reasons, we conclude that the judgment of the Claims Court should be affirmed.

## **AFFIRMED**

---

[4] To the extent that the motion asks the court to consider the supplemental authority he has newly cited, the court has done so.