NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEPH W. ANDERSON,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5087

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00218-LB, Judge Lawrence J. Block.

---

Decided: September 15, 2014

---

JOSEPH W. ANDERSON, of Fairfield, Ohio, pro se.

CRAIG A. NEWELL, JR., Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, and JOHN FARGO, Director.

---

Before PROST, *Chief Judge,* TARANTO, and HUGHES, *Circuit Judges.*

PER CURIAM.

Joseph W. Anderson appeals the Court of Federal Claims' dismissal of his complaint for lack of subject matter jurisdiction. Mr. Anderson's complaint alleged that the United States Government infringed his copyright and took his private property without just compensation when a federal district court dismissed his earlier complaint against a private party, Google Inc., and the Ninth Circuit affirmed. The Court of Federal Claims held that all of Mr. Anderson's claims here would require it to review the two other federal courts' decisions, which the Court of Federal Claims may not do. We affirm.

## BACKGROUND

Joseph W. Anderson has a registered copyright in a work titled "Sculpture Figurine – Figurine Sculpture," for which he created the "text." Resp. App. 10. In December 2012, he filed a pro se complaint against Google Inc. in the United States District Court for the Northern District of California. *See Anderson v. Google Inc.,* No. 12-cv-06573, 2013 WL 1285516, at *1 (N.D. Cal. Mar. 27, 2013). He alleged, among other things, that Google infringed his copyright. *Id.* at *2. The district court initially dismissed his complaint without prejudice to refiling an amended complaint, holding that the complaint did not give Google fair notice of the claims against it. *Id.* After Mr. Anderson filed an amended complaint, the district court dismissed it with prejudice, concluding that it failed to satisfy the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Anderson v. Google Inc.,* No. 12-cv-06573, 2013 WL 2468364, at *2–3 (N.D. Cal. June 7, 2013). On appeal, the United States Court of Appeals for the Ninth Circuit summarily affirmed the dismissal. Resp. App. 14.

In March 2014, Mr. Anderson filed a pro se complaint in the Court of Federal Claims against the United States, alleging that the United States Government, *i.e.*, the federal courts in his earlier case, infringed his copyright in violation of 17 U.S.C. § 501 and violated his rights under the Takings Clause of the Fifth Amendment. Resp. App. 4–9. He complained that the federal courts' dismissal of his complaint against Google left his copyrighted work "defenseless in the hands of [the] U.S. Government and the perpetrator(s)." *Id.* at 8. He further asserted that the "judiciary system act allows continue[d] usage of private property" and that "the U.S. Government collects taxable revenue from the s[a]l[e] of [his] registered copyright property . . . without profitability margin to the owner of the work." *Id.* Mr. Anderson sought $25,500,000 from the United States in damages. *Id.* at 9.

On April 24, 2014, the Court of Federal Claims granted the Government's motion to dismiss Mr. Anderson's complaint for lack of subject matter jurisdiction. *Anderson v. United States*, No. 14-218 C. The court determined that "[a]ll of [his] legal claims against the United States are rooted solely in his disagreement with the decisions of the U.S. District Court for the Northern District of California and the Ninth Circuit." *Id.* The Court of Federal Claims held that it did "not have jurisdiction to review the decisions of federal district courts and courts of appeal." *Id.* (citing *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2011)).

Mr. Anderson timely appealed. This court has jurisdiction to hear the appeal under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We review de novo the dismissal of Mr. Anderson's case for lack of subject matter jurisdiction. *Allustiarte v. United States*, 256 F.3d 1349, 1351 (Fed. Cir. 2001).

Like the Court of Federal Claims, we take as true all undisputed facts alleged in the complaint and draw all reasonable inferences in his favor based on those allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). We hold pro se complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But even the complaint of a pro se plaintiff, so viewed, must satisfy jurisdictional requirements. *See Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868) ("Without jurisdiction the court cannot proceed at all in any cause.").

The actions of the United States that Mr. Anderson alleges took his property and constituted infringement were the actions of the district court and Ninth Circuit in ruling on his copyright case. The Court of Federal Claims cannot adjudicate Mr. Anderson's claims, therefore, without concluding those adjudications were in some way wrongful. Mr. Anderson could (and did) challenge the district court's ruling in the Ninth Circuit, and he could have challenged the Ninth Circuit's ruling in the Supreme Court. But Congress has not given the Court of Federal Claims authority to engage in such review of the district court and Ninth Circuit rulings. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts."); *see also Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed Cir. 2011); *Allustiarte*, 256 F.3d at 1351–52. The Court of Federal Claims thus correctly held that it lacks jurisdiction to give Mr. Anderson the relief he seeks.

The absence of such authority reflects our constitution's structure. The Court of Federal Claims, whose judges lack life tenure, is a tribunal exercising power under Article I, not Article III, of the Constitution. *See Patton v. Sec'y of the Dep't of Health & Human Servs.*, 25 F.3d 1021, 1027 n.9 (Fed. Cir. 1994); *Sys. Application &*

*Techs., Inc. v. United States*, 100 Fed. Cl. 687, 706 n.14 (2011). The district court and court of appeals that adjudicated Mr. Anderson's earlier case are Article III courts. But the Supreme Court has long recognized that Article III courts' judgments are not to be reviewed by non-Article III organs of government. "Article III 'gives the Federal Judiciary the power, not merely to rule on cases, but to *decide* them, subject to review only by superior courts in the Article III hierarchy.'" *Miller v. French*, 530 U.S. 327, 342 (2000) (quoting *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218–19 (1995)); *see also Hayburn's Case*, 2 U.S. (2 Dall.) 409, 411 (1792) (letter of Wilson, J., Blair, J., and Peters, D.J.) (calling "revision and controul" of judicial opinions by any other branch of government "radically inconsistent with the independence of that judicial power which is vested in courts" created under Article III).

Mr. Anderson also alleges a due process violation. To the extent that he seeks monetary relief in the Court of Federal Claims for a due process violation by the district court and Ninth Circuit in his earlier case, the Court of Federal Claims had no jurisdiction over the claim. That is so because reviewing the claim would require reviewing the action of those other courts, which the Court of Federal Claims may not do, as already discussed. It is also so because the Court of Federal Claims' jurisdiction under the Tucker Act extends only to sources of law that are fairly interpreted to mandate the payment of money for their violation and it has long been established that the Fifth Amendment Due Process Clause is not such a money-mandating provision. *See United States v. Navajo Nation*, 556 U.S. 287, 289–90 (2009) (claims allowable under the Tucker Act only if the legal basis "can fairly be interpreted as mandating compensation by the Federal Government" (internal quotation marks omitted)); *Le-Blanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (Due Process Clause is not money-mandating).

To the extent that Mr. Anderson is arguing on appeal that the Court of Federal Claims itself did not afford him due process in deciding that it lacks jurisdiction over his case, his claim lacks merit. There was nothing procedurally improper in the actions of the Court of Federal Claims, which gave Mr. Anderson an adequate opportunity to address the purely legal issues presented by the government's motion to dismiss before the court decided those issues. *See Ramirez v. United States*, 239 F. App'x 581, 582 (Fed. Cir. 2007) ("Because the court assumed all the complaint's allegations were true, there were no disputed material facts pertaining to the court's jurisdiction that would have required a hearing to resolve."). Moreover, contrary to Mr. Anderson's assertion, the fact that a case seeks money from the United States neither means that the judge (employed by the United States) has a conflict of interest nor provides a reasonable basis for questioning the judge's impartiality. *See Maier v. Orr*, 758 F.2d 1578, 1582 (Fed. Cir. 1985).

CONCLUSION

For the foregoing reasons, the decision of the Court of Federal Claims is affirmed.

No costs.

**AFFIRMED**