NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. COLEMAN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2015-5038

---

Appeal from the United States Court of Federal Claims in No. 1:14-cv-00413-CFL, Judge Charles F. Lettow.

---

Decided: December 11, 2015

---

RICHARD A. COLEMAN, Elizabeth City, NC, pro se.

JOSEPH ASHMAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., STEVEN J. GILLINGHAM.

---

Before MOORE, O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Appellant Richard Coleman ("Appellant" or "Coleman") appeals from the final decision of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction and denying his motion to amend his complaint. *Coleman v. United States*, No. 14-413C, 2014 U.S. Claims LEXIS 1396, *13 (Fed. Cl. Dec. 12, 2014). For the following reasons, we affirm.

## BACKGROUND

In early 2013, Coleman filed a complaint in the United States District Court for the District of Columbia against his ex-wife for slander, libel, defamation of character, and alienation of affection. *See Coleman v. Silver*, 939 F. Supp. 2d 27, 28 (D.D.C. 2013). The district court dismissed Coleman's complaint for failure to establish personal jurisdiction over the defendant. *Id.* at 29.

Coleman then initiated the current suit in the Court of Federal Claims alleging that, by dismissing his case, Judge Ellen Segal Huvelle, the district court judge who presided over the first case, committed acts of judicial misconduct and deprived him of due process under the Fifth and Fourteenth Amendments to the United States Constitution and equal protection under the Fourteenth Amendment. Specifically, he alleged that the judge willfully and prejudicially misrepresented the facts, misapprehended the controlling law of personal jurisdiction, and gave an appearance of partiality in favor of the female defendant. He named as defendants both Judge Huvelle and the United States government (the "Government"), as her employer. He additionally alleged that, in a separate proceeding Coleman brought against a community college, a former judge on the New Hampshire Superior Court and justices on the New Hampshire

Supreme Court violated N. H. Rev. Stat. Ann. § 491:8, that the New Hampshire Supreme Court justices deprived him of equal protection under the Fourteenth Amendment, and that a clerk of the United States Supreme Court violated his constitutional due process and equal protection rights.

In lieu of an answer, the Government moved to dismiss the complaint for lack of jurisdiction and failure to state a claim upon which relief could be granted. In response, Coleman filed a motion to amend his complaint to remove Judge Huvelle as an individual defendant and to bring two breach of contract claims against the United States based on the theory that, by filing suit in the district court, he had entered into a contract with the Government. Coleman alleged that the Government breached its contract with him when the court failed to provide him with a fair and impartial judge. The Court of Federal Claims granted the Government's motion to dismiss for lack of subject matter jurisdiction pursuant to the Rules of the Court of Federal Claims ("RCFC") 12(b)(1), and added that, even if the court had jurisdiction, Coleman's complaint would be dismissed for failure to state a claim. *Coleman*, 2014 U.S. Claims LEXIS 1396, at *13. Coleman appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review *de novo* the Court of Federal Claims' dismissal of a complaint for lack of subject-matter jurisdiction. *Northrop Grumman Computing Sys. v. United States*, 709 F.3d 1107, 1111 (Fed. Cir. 2013); *Waltner v. United States,* 679 F.3d 1329, 1332 (Fed. Cir. 2012).

The Tucker Act, 28 U.S.C. § 1491(a)(1), grants the Court of Federal Claims jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied

contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013) (quoting 28 U.S.C. § 1491(a)(1)). "The jurisdiction of the Court of Federal Claims under the Tucker Act is limited to actual, presently due money damages from the United States." *Todd v. United States*, 386 F.3d 1091, 1093-94 (Fed. Cir. 2004) (internal quotations omitted). "Thus, jurisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself." *Id.*

The Court of Federal Claims properly rejected 42 U.S.C. § 1983 as a basis for jurisdiction over Coleman's claims against the individual judges and the clerk of the United States Supreme Court on the grounds that, under the Tucker Act, the United States is the only proper defendant in that court. *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Coleman argues that the court erred because, other than Judge Huvelle, he never named the other individuals as defendants, and his amended complaint removed Judge Huvelle as a defendant, thereby curing any such defect. The amended complaint did not cure the jurisdictional defect, however. The Court of Federal Claims cannot hear Coleman's claim under 42 U.S.C. § 1983 even against the United States. That statute is limited to actions under color of state (or territorial) law, not actions under federal law, and it applies only to "person[s]" committing such actions. 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . ."). There is no substantial claim here, if there ever could be, that the United States was acting under color of state (or territorial) law or is a "person" doing so. *See Canuto v. United States*, 615 F. App'x 951, 953 (Fed. Cir. 2015). Coleman's § 1983 claim is therefore insubstantial and was properly dismissed. *See also*

*McCauley v. United States*, 38 Fed. Cl. 250, 265 (Fed. Cl. 1997).

The court also properly dismissed Coleman's claims alleging violations of the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment. The Tucker Act limits the court's jurisdiction over constitutional claims to those arising from money-mandating provisions, and the constitutional claims brought by Coleman are not such provisions. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding no jurisdiction based on these same constitutional provisions). On appeal, Coleman argues that the Tucker Act is not limited to money-mandating provisions. He points to 28 U.S.C. § 1491(b)(2) in support of this assertion, which states that "monetary relief shall be limited to bid preparation and proposal costs." But that provision is irrelevant; it pertains only to actions arising under 28 U.S.C. § 1491(b), which governs procurement protests. Accordingly, we find no error in the court's dismissal of Coleman's constitutional claims.

The court's refusal to exercise jurisdiction over Coleman's breach of contract claims against the Government was also proper. The court correctly determined that, as a matter of law, "the mere payment of a filing fee and other litigation-related expenses does not create a contract between a plaintiff and the United States." *Coleman*, 2014 U.S. Claims LEXIS 1396, at *11. *See Garrett v. United States*, 78 Fed. Cl. 668, 671 (Fed. Cl. 2007) ("Plaintiff offers no authority for the proposition that the filing of a complaint by a plaintiff, and the acceptance of that filing by a clerk of court, could constitute the making of a contract with the United States"); *Stamps v. United States*, 73 Fed. Cl. 603, 610 (Fed. Cl. 2006) (finding no jurisdiction over plaintiff's claim alleging contract with the district court judge). Coleman argues that he never alleged that the "mere payment of a filing fee" or "filing a complaint alone" constituted a contract with the United

States, Appellant Reply Br. 13, but he fails to provide any other theory for his allegation that a *"quid pro quo* contract existed between the Plaintiff and the Defendant . . . in return for the Plaintiff's payment of fees to the Defendant." Amended Compl. at 1, *Coleman*, 2014 U.S. Claims LEXIS 1396. We find no support for Coleman's proposition that filing a lawsuit established a contract with any court.

For these reasons, we find that the Court of Federal Claims properly granted the Government's motion to dismiss. The court also properly denied Coleman's motion to amend his complaint because, as explained above, removing Judge Huvelle as an individual defendant and adding the two contract claims would not have cured the aforementioned jurisdictional defects, rendering Coleman's amendment futile. *Fernandez de Iglesias v. United States*, 96 Fed. Cl. 352, 362 (Fed. Cl. 2010) ("A court may deny leave if . . . an amendment would be futile."). We find it unnecessary to reach the question of whether the Court of Federal Claims was also correct to conclude that, even if it had jurisdiction, it could have dismissed Coleman's complaint for failure to state a claim.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the Court of Federal Claims.

**AFFIRMED**