NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MANETIRONY CLERVRAIN, BRANDAKO, INC.,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1384

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01919-MBH, Senior Judge Marian Blank Horn.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Manetirony Clervrain and Brandako, Inc. filed a complaint at the United States Court of Federal Claims for what they say were "serious crimes" and violations of "civil rights" and unspecified constitutional rights appearing to

relate to Mr. Clervrain's deportation process.* The Court of Federal Claims granted the United States's motion to dismiss for lack of jurisdiction. Appellants now appeal and move for leave to proceed *in forma pauperis*.

The court finds that summary disposition is appropriate because there is no substantial question regarding the outcome of this appeal. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Tucker Act limits the Court of Federal Claims's jurisdiction only to money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks and citation omitted). Although it is difficult to decipher the exact nature of the allegations, what is clear is that appellants' complaint did not identify any source of substantive law that creates the right to monetary damages against the federal government.

To the extent that appellants attempted to sue under 42 U.S.C. §§ 1981, 1982, or 1983 when their complaint referred to the "Civil Rights Acts," the Court of Federal Claims was clearly correct that it did not have jurisdiction over such claims because nothing in those provisions is fairly read to impose a money-mandating obligation on the United States. *Maxberry v. United States*, 722 F. App'x

---

\* Mr. Clervrain has filed a number of identical or similar suits in district courts throughout the country. *See, e.g.*, *Clervrain v. Lee*, No. 3:20-cv-548-TAV-DCP, 2021 WL 141793, at *1 (E.D. Tenn. Jan. 14, 2021); *Clervrain v. Pompeo*, No. 4:20-cv-555-SRC, 2020 WL 7714613, at *1 (E.D. Mo. Dec. 28, 2020); *Clervrain v. Washington*, No. 2:20-cv-5706, 2020 WL 7318096, at *2 (S.D. Ohio Dec. 11, 2020); *Clervrain v. Wilson*, No. 2:20-cv-2061, 2020 WL 1977392, at *2 (W.D. Ark. Apr. 24, 2020).

997, 1001 (Fed. Cir. 2018) (citations omitted); *Coleman v. United States*, 635 F. App'x 875, 877–78 (Fed. Cir. 2015); *May v. United States*, 534 F. App'x 930, 933–34 (Fed. Cir. 2013).  Nor does the Court of Federal Claims have jurisdiction to address allegations of violations of criminal codes. *Joshua*, 17 F.3d at 379–80.  The Court of Federal Claims likewise does not have jurisdiction to review denial of the benefits mentioned in the complaint:  benefits for unemployment or under the Supplemental Nutrition Assistance Program ("SNAP").  *See May v. United States*, 56 F. App'x 492, 493 (Fed. Cir. 2003); *see also* 7 U.S.C. § 2020 (providing for state government administration of SNAP benefits).  Because the complaint clearly failed to raise any claim within the jurisdiction of the Court of Federal Claims, we summarily affirm its dismissal of the complaint.

Accordingly,

IT IS ORDERED THAT:

(1)  The judgment of the United States Court of Federal Claims is affirmed.

(2)  All pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

April 21, 2022                    /s/ Peter R. Marksteiner
      Date                        Peter R. Marksteiner
                                  Clerk of Court