NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR LOPEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-1426

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01166-EHM, Judge Edward H. Meyers.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Arthur Lopez files his opening brief and moves for leave to file supplemental pages to his opening brief and appendix, which we grant.  Mr. Lopez also moves for alternative service, which we deny.  Upon review of Mr. Lopez's arguments, read liberally in this *pro se* appeal, and the decision of the United States Court of Federal Claims, we determine that this case is appropriate for summary affirmance.  *See* 28 U.S.C. § 1915(e).

In 2019, the United States District Court for the Central District of California dismissed Mr. Lopez's suit against the Superior Court of California. The United States Court of Appeals for the Ninth Circuit dismissed his appeal for failure to prosecute and denied his motion to reinstate. After the United States Supreme Court denied his petition for writ of certiorari as untimely, Mr. Lopez brought this suit at the Court of Federal Claims seeking $550,000,000. Mr. Lopez alleged a breach of contract by the Supreme Court's acceptance of his filing fee without docketing his petition and alleged that the Ninth Circuit mishandled his appeal. The Court of Federal Claims dismissed for lack of subject matter jurisdiction and failure to state a claim.

Because "no substantial question regarding the outcome of the appeal exists," we summarily affirm. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). The Court of Federal Claims was clearly correct that "the mere payment of a filing fee and other litigation-related expenses does not create a contract between a plaintiff and the United States," *Coleman v. United States*, 635 F. App'x 875, 878 (Fed. Cir. 2015) (citation omitted). *See Hercules Inc. v. United States*, 516 U.S. 417, 423–24 (1996) (reaffirming that the Court of Federal Claims' "jurisdiction extends only to contracts either express or implied in fact," which is one "founded upon a meeting of minds" (citation omitted)).

Mr. Lopez fares no better in characterizing the alleged failures to provide "Constitutionally guaranteed processes" in his prior case, Dkt. No. 16 at 12, as an illegal exaction. "Article III forbids the Court of Federal Claims, an Article I tribunal, from reviewing the actions of an Article III court," *Petro-Hunt, LLC v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017) (citation omitted). Thus, "the Court of Federal Claims cannot entertain [Mr. Lopez's] takings claim that requires the court to scrutinize the actions of" the Central District of California, the Ninth Circuit, or the

Supreme Court. *Id*. (citation omitted); *see Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015).

We have considered Mr. Lopez's other arguments; they raise no cognizable, non-frivolous basis for finding error in the Court of Federal Claims' judgment.

Accordingly,

IT IS ORDERED THAT:

(1) ECF No. 16 is accepted for filing as Mr. Lopez's opening brief and appendix.

(2) ECF No. 17 is granted to the extent that pages 4 to 27 of ECF No. 17 are accepted as supplemental pages to Mr. Lopez's opening brief and appendix. The motion is otherwise denied.

(3) The Court of Federal Claims' judgment is summarily affirmed.

(4) Each side shall bear its own costs.

FOR THE COURT

December 14, 2022                    /s/ Peter R. Marksteiner
        Date                          Peter R. Marksteiner
                                      Clerk of Court