NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN WILLIAM CASSADAY,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2024-2072

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00550-DAT, Judge David A. Tapp.

---

**ON MOTION**

---

Before PROST, BRYSON, and HUGHES, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Kevin William Cassaday moves for leave to proceed *in forma pauperis*. ECF No. 7.[1] The United States moves for summary affirmance. ECF No. 8. Mr. Cassaday has not responded to the government's motion.

On April 8, 2024, Mr. Cassaday filed a complaint at the United States Court of Federal Claims seeking damages and release "from the bondage & hostile incarceration," Compl. at 1–3. On April 23, 2024, the trial court served an order on Mr. Cassaday at his provided address, informing him that the action would be dismissed if he did not pay the court's filing fee or move for leave to waive the fee by May 10, 2024. On May 17, 2024, not having heard from Mr. Cassaday, the trial court dismissed the action under Court of Federal Claims Rule 41(b), which permits dismissal if "the plaintiff fails to prosecute or to comply with" a "court order" or the "rules," including the payment of the filing fee.[2]

---

[1] ECF No. 7 replaces Mr. Cassaday's previous motion for leave to proceed *in forma pauperis*, ECF No. 2. The court takes no action on ECF No. 2.

[2] The Court of Federal Claims explained that it would alternatively dismiss because the complaint—alleging civil rights violations by the Michigan state judicial system—failed to raise any claim over which the court had jurisdiction to grant relief. That alternative basis for dismissal also appears clearly correct. *See United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (explaining that to invoke jurisdiction in the Court of Federal Claims under the Tucker Act, a plaintiff must identify a source of law that can fairly be interpreted as mandating compensation by the Federal Government); *May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013) ("Mr. May likewise cannot sue in the Claims Court under 42 U.S.C. §§ 1981 or 1982. Nothing in those provisions is fairly read to impose a

We agree that summary affirmance is appropriate here, because there is "no substantial question regarding the outcome of the appeal." *Joshua v. United States*, 17 F3d 378, 380 (Fed. Cir. 1994). We review a dismissal under Rule 41(b) only for abuse of discretion. *Claude E. Atkins Enters. v. United States*, 899 F.2d 1180, 1183 (Fed. Cir. 1990). Here, the Court of Federal Claims acted well within its discretion in dismissing the action after notifying Mr. Cassaday and giving him several weeks to pay or move to waive the fee.[3] *See Bryant v. United States*, 618 Fed. App'x 683, 686 (Fed. Cir. 2015) ("If a party fails to pay the requisite filing fee, despite adequate notice and ample opportunity to do so, the Claims Court acts within its discretion when it dismisses the action, just as it did in this case.").

Accordingly,

IT IS ORDERED THAT:

(1)  The United States's motion is granted. The United States Court of Federal Claims's decision is affirmed.

(2)  Each side shall bear its own costs.

---

money-mandating obligation on the United States, or at least not one enforceable under the Tucker Act.").

[3]  The docket indicates that service of the order was sent to Mr. Cassaday's provided address and refused twice. As the trial court correctly noted, Mr. Cassaday never notified the trial court of a change or correction of address.

4                                                         CASSADAY v. US

(3)  All other pending motions are denied.

FOR THE COURT



October 23, 2024                  Jarrett B. Perlow
Date                              Clerk of Court