NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRY LOUIS WILSON,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

---

2014-5047

---

Appeal from the United States Court of Federal Claims in No. 1:12-cv-00787-MBH, Judge Marian Blank Horn.

---

Decided: June 4, 2014

---

TERRY LOUIS WILSON, of Madison Heights, Michigan, pro se.

TARA K. HOGAN, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and REGINALD T. BLADES, JR., Assistant Director.

———————————

Before O'MALLEY, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Mr. Wilson appeals the judgment and decision of the United States Court of Federal Claims, which denied his claims for various forms of relief. We affirm.

I

On November 16, 2012, Mr. Wilson, acting *pro se*, filed a complaint in the United States Court of Federal Claims (Claims Court). Mr. Wilson's complaint appeared to allege violations of 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution. The complaint further recited abuse of process, malicious prosecution, false imprisonment, identity theft, and negligence. Mr. Wilson sought $100 million in damages, and also requested the appointment of counsel.

The United States filed a motion to dismiss Mr. Wilson's complaint for lack of subject matter jurisdiction. The Government contended that Mr. Wilson's allegations could not form the basis of a claim in the Claims Court under the Tucker Act, 28 U.S.C. § 1491(a)(1).

Mr. Wilson filed several subsequent documents with the Claims Court, none of which directly responded to the Government's motion to dismiss. On December 5, 2013, the Claims Court granted the Government's motion and dismissed Mr. Wilson's complaint. The Claims Court concluded that "Mr. Wilson appears to allege no specific violation of statute or regulation within this court's jurisdiction." The Claims Court also denied Mr. Wilson's request for the appointment of counsel, finding no responsibility to appoint counsel in civil matters, and no exceptional circumstances justifying the appointment of counsel in this particular case.

On January 2, 2014, Mr. Wilson filed a pleading which the Claims Court treated as a motion for reconsideration under Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC"). On January 16, 2014, the Claims Court denied Mr. Wilson's motion after finding it did not allege any specific grounds for relief or offer any valid basis for reconsideration under RCFC 60(b). The Claims Court noted that although Mr. Wilson quoted from the Fourteenth Amendment, he did not explain how it applied to, or had any bearing on, the disposition of his motion. This appeal followed.

## II

We have jurisdiction over Mr. Wilson's appeal pursuant to 28 U.S.C. § 1295(a)(3). We review a decision by the Claims Court to dismiss a claim for lack of jurisdiction *de novo*. *Smith v. United States*, 709 F.3d 1114, 1115 (Fed. Cir. 2013). Mr. Wilson bears the burden of establishing the Claims Court's jurisdiction over his complaint by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

Mr. Wilson appears to contend that the Claims Court failed to consider a number of facts. Mr. Wilson's informal brief lists several subjects, including "news stations," "[the] Department of Justice," "identity theft," "civil rights violations," "abuse of process," and "false imprisonment." But Mr. Wilson fails to explain how these general subjects are relevant to a legal claim over which the Claims Court can exercise its jurisdiction. As such, they do not establish the Claims Court's jurisdiction over Mr. Wilson's complaint.

Mr. Wilson's brief cites to two statutes: 42 U.S.C. § 1983 and 28 U.S.C. § 2254. Neither of these statutes authorizes the Claims Court to exercise its jurisdiction over Mr. Wilson's complaint. First, Mr. Wilson's complaint seeks money damages from the "United States" for alleged civil rights violations pursuant to 42 U.S.C.

§ 1983. But § 1983 only provides a damages remedy against individuals to redress injuries "when they occur under color of *state* law." *Davis v. Passman*, 442 U.S. 228, 248 (1979) (emphasis added). Mr. Wilson's complaint against the *federal government* alleges no facts that would bring his complaint within the reach of the statute. Second, 28 U.S.C. § 2254(a) provides authority for the Supreme Court, a circuit court judge, or a district court judge to entertain a writ of habeas corpus from a prisoner in state custody. The Claims Court is not listed among the federal courts empowered by 28 U.S.C. § 2254(a) to grant writs of habeas corpus, and thus does not possess jurisdiction over any claims advanced by Mr. Wilson arising under this statute. *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002).

Mr. Wilson's brief also cites to the Fourteenth Amendment. The Due Process Clauses of the Fifth and Fourteenth Amendments do not provide a "basis for jurisdiction because they do not mandate payment of money by the government." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). The Tucker Act confers jurisdiction on the Claims Court, and provides a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision, statute, or regulation in question expressly creates a substantive right enforceable against the federal government for money damages. *LeBlanc*, 50 F.3d at 1028. The Tucker Act by itself, however, does not create such a substantive right. *United States v. Mitchell*, 463 U.S. 206, 216 (1982). To invoke the jurisdiction of the Claims Court, a plaintiff must "demonstrate that the source of substantive law he relies on can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Mitchell*, 463 U.S. at 216-17 (internal quotation omitted). Thus, Mr. Wilson's citation of the Fourteenth Amendment, without an underlying statutory or regulatory right to recovery, "do[es] not trigger Tucker Act juris-

diction." *Mullenberg v. United States*, 857 F.2d 770, 773 (Fed. Cir. 1988).

Mr. Wilson also contends the Claims Court improperly denied him attorney representation. In civil proceedings, however, the constitutional right to counsel is "highly circumscribed, and has been authorized in exceedingly restricted circumstances," such as for indigent parents in child custody termination proceedings. *Lariscey v. United States*, 861 F.2d 1267, 1270-71 (Fed. Cir. 1988). As a general matter, the right to counsel does not attach in civil cases where there is no potential deprivation of a personal liberty interest. *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012). Here, where Mr. Wilson seeks monetary damages against the Government, the Claims Court did not err by denying his request for the appointment of counsel.

Finally, Mr. Wilson contends the Claims Court failed to consider RCFC 8. Rule 8 simply lays out the general pleading requirements in the Claims Court. Mr. Wilson does not explain how the Claims Court failed to consider or properly apply this procedural rule.

## III

In sum, Mr. Wilson does not allege any facts or identify any statutes that would allow the Claims Court to exercise its jurisdiction over his complaint. Further, Mr. Wilson has not established that the Claims Court was obligated to grant his request for the appointment of counsel. Accordingly, we affirm the Claims Court's decision to deny Mr. Wilson's motion to appoint counsel and to dismiss his complaint for lack of subject matter jurisdiction.

**AFFIRMED**

COSTS

No costs.