NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**PHIL IVALDY, American Shareholder Rights Loral Stockholder Protective Committee,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2016-1350

_____

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00243-NBF, Senior Judge Nancy B. Firestone.

_____

Decided: July 7, 2016

_____

PHIL IVALDY, Huntington Beach, CA, pro se.

CAMERON COHICK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., MARTIN F. HOCKEY, JR.

_____

Before LOURIE, WALLACH, and HUGHES, *Circuit Judges*.

PER CURIAM.

Phil Ivaldy ("Ivaldy") appeals from the decision of the United States Court of Federal Claims ("the Claims Court") dismissing his complaint for lack of subject matter jurisdiction. *See Ivaldy v. United States*, 123 Fed. Cl. 633 (2015). Because the Claims Court did not err in dismissing the complaint, we *affirm*.

## BACKGROUND

Ivaldy was a shareholder of Loral Space and Communication Ltd. ("Loral"). In 2003, Loral filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Southern District of New York. Loral's bankruptcy proceedings led to several appeals to the United States District Court for the Southern District of New York, and ultimately a petition for a writ of certiorari to the United States Supreme Court, which the Court denied in 2009.

In 2015, Ivaldy filed a complaint against the United States in the Claims Court, seeking $2 billion in damages. Appellee's App. 11–21. Ivaldy alleged that the decisions of the bankruptcy court and district court in Loral's bankruptcy proceedings: (1) resulted in a Fifth Amendment taking of his and other shareholders' shares in Loral; (2) violated his constitutional due process rights; (3) deprived him of access to the courts in violation of the Privileges and Immunities Clause of Article IV of the Constitution; and (4) deprived him of his rights to "uniform bankruptcy laws" in violation of Article I, Section 8, Clause 4 of the Constitution. *Id.* He also alleged that the entire bankruptcy court system is unconstitutional as violating the separation of powers. *Id.*

The government moved to dismiss for lack of subject matter jurisdiction. The Claims Court granted the motion and dismissed the suit. *Ivaldy*, 123 Fed. Cl. at 635–37. Specifically, the court concluded that it lacked jurisdiction

to review Ivaldy's Fifth Amendment takings claim because review of such a claim would require the Claims Court to scrutinize the merits of bankruptcy court and district court decisions, a task it is without authority to undertake. The court also concluded that it lacked jurisdiction over Ivaldy's remaining claims because none of the constitutional provisions that Ivaldy relied on are money-mandating.

Ivaldy timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's decision to dismiss for lack of subject matter jurisdiction *de novo*. *Waltner v. United States*, 679 F.3d 1329, 1332 (Fed. Cir. 2012). A plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence, *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002), and "the leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements," *Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

Ivaldy argues that the bankruptcy court erred in determining that Loral's liabilities exceeded its assets. He also argues that various decisions of the bankruptcy court and district court resulted in a Fifth Amendment taking of his shares and violated his rights under the Due Process Clause and the Privileges and Immunities Clause. He asserts that the "absolute priority rule" set forth in the Bankruptcy Code is "money mandating at the time the United States took the shareholder value of their property." Appellant's Informal Br. 7. Moreover, he alleges violations of Article I, Section 8, Clause 4 of the Constitution and the separation-of-powers doctrine. He maintains that his claims, when considered in the aggregate, are based on money-mandating provisions of law.

The government responds that the Claims Court correctly determined that it did not possess jurisdiction over Ivaldy's claims for alleged violations of constitutional provisions that are not money-mandating and for alleged takings, which would require the Claims Court to review bankruptcy court and district court decisions.

We agree with the government that the Claims Court lacked jurisdiction over the case. The Claims Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Congress created the Claims Court "to permit a special and limited class of cases to proceed against the United States," and the Claims Court "can take cognizance only of those [claims] which by the terms of some act of Congress are committed to it." *Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (alteration in original) (internal quotation marks and citations omitted). The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Claims Court to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted). Here, the Claims Court correctly determined that none of Ivaldy's claims were tied to money-mandating statutes or provisions of law or any contract with the United States, thus depriving the Claims Court of jurisdiction over his claims.

In particular, the Claims Court correctly dismissed Ivaldy's Fifth Amendment takings claim. Ivaldy's takings claim is based solely on alleged errors in the bankruptcy court and district court decisions. As we have explained, the Claims Court does not possess jurisdiction to review the judgments of bankruptcy courts and district courts. *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352–53 (Fed. Cir. 2015) (district court); *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001)

(bankruptcy court). Those decisions are reviewable, if at all, in the regional circuit courts of appeals.

Ivaldy attempts to couch his allegations in terms of a Fifth Amendment taking by the United States, but the Claims Court could not review those allegations without second-guessing the merits of the bankruptcy court and district court decisions. Thus, the true nature of Ivaldy's claims is a collateral attack on the judgments of the bankruptcy court and district court. The Claims Court does not possess jurisdiction to entertain them. *Pines Residential Treatment Ctr., Inc. v. United States*, 444 F.3d 1379, 1380 (Fed. Cir. 2006) ("Regardless of a party's characterization of its claim, we look to the true nature of the action in determining the existence or not of jurisdiction." (internal quotation marks and citation omitted)).

Likewise, the Claims Court correctly dismissed Ivaldy's remaining claims based on the Due Process Clause, the Privileges and Immunities Clause, and Article I, Section 8, Clause 4 of the Constitution, as well as his challenge to the constitutionality of the bankruptcy court system. Those constitutional provisions that Ivaldy relied on do not mandate payment of money by the government for violations. *See, e.g.*, *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *May v. United States*, 534 F. App'x 930, 933 (Fed. Cir. 2013). Because Ivaldy's claims are not tied to money-mandating sources of law, the Claims Court does not possess jurisdiction to entertain them.

Accordingly, the Claims Court did not err in concluding that it lacked jurisdiction over all of Ivaldy's claims and correctly dismissed the complaint.

CONCLUSION

We have considered Ivaldy's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Claims Court is affirmed.

**AFFIRMED**

COSTS

No costs.