NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**ERIC DRAKE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

———————————

2018-2135, 2019-1572

———————————

Appeals from the United States Court of Federal Claims in Nos. 1:17-cv-00581-SGB, 1:18-cv-01806-NBF, Senior Judge Nancy B. Firestone, Senior Judge Susan G. Braden.

———————————

Decided: November 13, 2019

———————————

ERIC DRAKE, Dallas, TX, pro se.

MILES KARSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

———————————

Before PROST, *Chief Judge*, NEWMAN and BRYSON,
*Circuit Judges.*

PER CURIAM.

Eric Drake appeals two decisions by the United States Court of Federal Claims dismissing two separate cases, primarily based on the same facts and the same causes of action. The first order dismissed Mr. Drake's first complaint as untimely under 28 U.S.C. § 2501, and the second order dismissed Mr. Drake's second complaint for lack of subject matter jurisdiction. *See Drake v. United States*, No. 17-581, 2018 WL 1613869 (Fed. Cl. Apr. 3, 2018) ("*Drake I*"); *Vondrake v. United States*, No. 18-1806, 141 Fed. Cl. 599 (Fed. Cl. 2019) ("*Drake II*").[1] Because we conclude that the Court of Federal Claims lacks subject matter jurisdiction for both complaints, we affirm.

I

On May 30, 1990, Mr. Drake was arrested by the United States Secret Service after depositing in a Virginia bank eight thousand dollars that the bank suspected was illegally obtained. Following his arrest, Mr. Drake remained incarcerated until August 14, 1990, when he pled guilty to producing a false identification document under 18 U.S.C. § 1028(a)(1).[2] On October 17, 1990, the United

---

[1]    The record includes several aliases for Plaintiff-Appellant, including the names "Eric Drake" and "E. Vondrake" in the two underlying cases. *See Drake I*, No. 17-581, 2018 WL 1613869, *1 n.2 (noting that Mr. Drake's aliases include "David Wayne Rogers," "Eric von Drake," "Eric von Rogers," and "Mark Fuller"). For consistency, we will refer to the Plaintiff-Appellant as Mr. Drake.

[2]    At the time of Mr. Drake's plea, 18 U.S.C. § 1028(a)(1) provided that "[w]hoever . . . knowingly and without lawful authority produces an identification

States District Court for the Eastern District of Virginia convicted Mr. Drake, imposing a fine and sentencing Mr. Drake to one hundred and forty-one days, which was time he had already served, and twenty-four months supervised release.

The case now before this court is a consolidated appeal from two separate cases filed by Mr. Drake in the Court of Federal Claims related to his 1990 conviction. Mr. Drake filed his first complaint at the Court of Federal Claims on April 27, 2017, and he amended that complaint on November 15, 2017. Mr. Drake alleged constitutional and civil rights violations based on what he argued was an unjust conviction. *See* S.A. 7–35[3]; Appellant's Br. 7. Mr. Drake also alleged breach of contract for the constitutional violations based on "an implied and bilateral contract with the government of the United States" through the U.S. Constitution and Bill of Rights. S.A. 11. Finally, Mr. Drake asserted tort claims against the government based on intentional infliction of emotional distress and mental anguish. S.A. 35. The Government moved to dismiss Mr. Drake's complaint for lack of jurisdiction, including on the ground that it was untimely filed after the six-year statute of limitations provided by 28 U.S.C. § 2501. Mr. Drake opposed, arguing that the statute of limitations should be equitably tolled. On April 3, 2018, the Court of Federal Claims dismissed the complaint because it was filed after the statute of limitations had expired and was therefore untimely under 28 U.S.C. § 2501. *Drake I*, 2018 WL 1613869, at *6. Mr. Drake requested reconsideration,

---

document or a false identification document . . . or attempts to do so, shall be punished[.]" 18 U.S.C. § 1028(a)(1) (1990).

[3] Citations to the record are to the Supplemental Appendix ("S.A."), filed by the U.S. Department of Justice.

which the Court of Federal Claims denied. Mr. Drake appealed.

On November 16, 2018, Mr. Drake filed a second complaint primarily asserting the same causes of action based on the same facts. S.A. 53–81. In the second case, Mr. Drake additionally alleged that his suit was timely filed under 28 U.S.C. § 2501 because he qualified for an exception to that statute, which extends the statutory deadline for "a person under legal disability." *See* S.A. 53. On January 22, 2019, the Court of Federal Claims dismissed the case sua sponte based on its finding that it lacked subject matter jurisdiction over any claim asserted. *See Drake II*, 141 Fed. Cl. at 600–02. For the purposes of its order, the Court of Federal Claims assumed that Mr. Drake's allegation of legal disability was sufficient to satisfy the exception in § 2501. *Id.* at 601. Again, Mr. Drake appealed.

On April 18, 2019, this court consolidated Mr. Drake's two appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

II

We review the Court of Federal Claims's determination of its subject matter jurisdiction de novo. *See Abbas v. United States*, 842 F.3d 1371, 1375 (Fed. Cir. 2016); *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011).

The Tucker Act is the primary statute conferring jurisdiction on the Court of Federal Claims. 28 U.S.C. § 1491(a)(1); *see also Taylor v. United States*, 303 F.3d 1357, 1359–60 (Fed. Cir. 2002). It provides that the Court of Federal Claims shall have jurisdiction for "any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or

unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To be cognizable, a claim under the Tucker Act must be for money damages against the United States. *United States v. Testan*, 424 U.S. 392, 397–98 (1976); *Smith v. United States*, 709 F.3d 1114, 1115–16 (Fed. Cir. 2013). Because the Tucker Act itself "does not create any substantive right enforceable against the United States for money damages," to demonstrate jurisdiction, a plaintiff must identify a separate contract, regulation, statute, or constitutional provision granting such a substantive right. *Testan*, 424 U.S. at 398; *see also Ferreiro v. United States*, 501 F.3d 1349, 1351–52 (Fed. Cir. 2007); *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005).

In the two complaints central to this appeal, Mr. Drake asserts a number of different claims against the United States. First, Mr. Drake argues that his 1990 arrest, imprisonment, and conviction constitute unjust conviction. He argues that the United States engaged in unlawful discrimination on the basis of his race and that such discrimination included unlawful arrest and torture, which led to a false guilty plea and his conviction.[4] As support for a

---

[4] Mr. Drake alleges that he was wrongfully convicted in 1990 and asserts that his innocence is established by a pardon granted to him by the Governor of Louisiana. *See* S.A. 52. Notwithstanding the fact that a state governor's pardon does not establish that Mr. Drake was unjustly convicted of a federal crime, *see* 28 U.S.C. § 2513(b); *Freeman v. United States*, 568 F. App'x 892, 894 (Fed. Cir. 2014), to the extent that Mr. Drake requests that the Court of Federal Claims review his federal criminal conviction, the Court of Federal Claims does not have jurisdiction to review criminal convictions or decisions by a federal district court, *Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994).

substantive right, Mr. Drake relies on the Fourth, Fifth, and Fourteenth Amendments, the Privileges and Immunities Clause of Article IV, Section 2 of the U.S. Constitution, and 42 U.S.C. §§ 1981, 1983, and 1988. The Court of Federal Claims does not have jurisdiction to render judgment on claims arising under the Due Process Clause of the Fourth Amendment, *Brown v. United States*, 105 F.3d 621, 623–24 (Fed. Cir. 1997),[5] the Due Process Clause of the Fifth Amendment, *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013), the Privileges and Immunities Clause of Article IV, Section 2, *Ivaldy v. United States*, 655 F. App'x 813, 815 (Fed. Cir. 2016), or the Equal Protection and Due Process Clauses of the Fourteenth Amendment, *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013).[6] The Court of Federal Claims likewise does not have jurisdiction to entertain federal civil rights violations because the protections afforded by 42 U.S.C. §§ 1981, 1983, and 1988 create liability only when injury occurs under *state* law. *See* 42 U.S.C. §§ 1981, 1983, 1988; *see also Wilson v. United States*, 566 F. App'x 913, 915 (Fed. Cir. 2014);

---

[5]    To the extent that Mr. Drake alleges constitutional violations against federal agents in their personal capacity, the Court of Federal Claims does not have jurisdiction over actions against individual federal agents. *Brown*, 105 F.3d at 624.

[6]    On appeal, Mr. Drake argues that his second complaint alleged constitutional violations under the Seventh Amendment. Appellant's Br. 7. Neither of Mr. Drake's complaints before the Court of Federal Claims included an allegation of a Seventh Amendment violation. *See* S.A. 7–35, 53–81. But even if they had, the Seventh Amendment is not money-mandating and, like Mr. Drake's other claims, does not confer jurisdiction on the Court of Federal Claims. *See United States v. Sherwood*, 312 U.S. 584, 587 (1941); *Fisher*, 402 F.3d at 1174.

*Maxberry v. United States*, 722 F. App'x 997, 1001 (Fed. Cir. 2018).

Mr. Drake also asserts that the United States violated his Sixth Amendment rights by manufacturing evidence against him and failing to provide him with his *Miranda* rights. *See generally Miranda v. Arizona*, 384 U.S. 436 (1966). The Court of Federal Claims, however, does not have jurisdiction to render judgment on claims against the United States based on the Sixth Amendment because it is not money mandating. *Maxberry*, 722 F. App'x at 1000; *Milas v. United States*, 42 Fed. Cl. 704, 710 (Fed. Cl. 1999), *aff'd* 217 F.3d 854 (Fed. Cir. 1999).

Mr. Drake further asserts that during his imprisonment, the Government improperly denied him bail in violation of the Eighth Amendment. The Court of Federal Claims also does not have jurisdiction to render judgment on violations of the Eighth Amendment because it is not money mandating. *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007).

Next, Mr. Drake argues that these alleged constitutional violations are a breach of his "implied and bilateral contract with the government of the United States" through the U.S. Constitution and Bill of Rights. The Court of Federal Claims does not have jurisdiction to consider contracts implied in law. *Hercules Inc. v. United States*, 516 U.S. 417, 423–24 (1996); *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1324–25 (Fed. Cir. 1997). Thus, even if there were a legal basis for Mr. Drake's reliance on the U.S. Constitution as an implied contract, the Court of Federal Claims would nonetheless lack jurisdiction over his claim.

Finally, Mr. Drake alleges that the Government's actions related to his 1990 conviction intentionally inflicted emotional distress and mental anguish. These allegations are tort claims over which the Tucker Act expressly prohibits jurisdiction by the Court of Federal Claims. 28 U.S.C.

§ 1491(a)(1); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993). To the extent Mr. Drake's claims are based on alleged torture likewise the Court of Federal Claims does not have jurisdiction. *Sheldon v. United States*, 742 F. App'x 496, 501 (Fed. Cir. 2018).[7]

On appeal, Mr. Drake's arguments relate to whether his complaints were timely filed under 28 U.S.C. § 2501. Because the Court of Federal Claims does not have jurisdiction with respect to any of Mr. Drake's claims regardless of whether they were timely filed, we do not reach Mr. Drake's arguments related to § 2501. [8] We therefore affirm the Court of Federal Claims's dismissal in each of the cases below.

## AFFIRMED

### COSTS

The parties shall bear their own costs.

---

[7]    We do not hold that the Court of Federal Claims has no authority to consider constitutional arguments in claims where the court's jurisdiction is established by statute; for example, in Tucker Act claims in which a constitutional argument such as a due process argument is presented with respect to the merits of the claim. We hold only that the Court of Federal Claims did not have jurisdiction over the constitutional violations in this case.

[8]    Because we find that the Court of Federal Claims lacked jurisdiction for each claim asserted by Mr. Drake, we also deny Mr. Drake's pending motion to supplement the joint appendix. *See Drake I*, No. 18-2135, ECF No. 15 (Fed. Cir. June 10, 2019).